NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 22-1962
_____

MARCUS PEREZ,
Appellant

v.

JEROME T. TERESINSKI, Esquire, in his personal and official
capacities c/o Office of the U.S. Attorney for the District of Ohio;
ANTHONY D. JACKSON, Esquire

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(District Court Civil No. 2-21-cv-05020)
District Judge:  Honorable Joshua D. Wolson

Submitted Under Third Circuit L.A.R. 34.1(a)
January 26, 2023

BEFORE:  BIBAS, NYGAARD, and FUENTES, *Circuit Judges*

(Filed: February 10, 2023)
_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

NYGAARD, *Circuit Judge.*

Marcus Perez appeals the District Court's dismissal of his complaint against former Philadelphia Assistant District Attorney Jerome Teresinski ("ADA Teresinski"). He argues that the court erred when it found that Perez's claims were barred by absolute prosecutorial immunity and qualified immunity and abused its discretion by considering exhibits attached to ADA Teresinski's motion to dismiss. Because Perez's arguments lack merit, we will affirm.

## I.    Background

Perez pleaded guilty in 1990 to murder generally, robbery, criminal conspiracy, possession of instruments of crime, and carrying firearms on public streets or public property in the Court of Common Pleas of Philadelphia County, Pennsylvania. At a bench trial for a degree-of-guilt finding in front of then-Judge Theodore McKee, Perez was adjudged guilty of first-degree murder. He argued in post-verdict motions that the conviction should be reduced to third-degree, but the motions were denied. Perez was sentenced to life imprisonment and concurrent sentences of one to five years each on the conspiracy and robbery charges.

In 1993, Perez filed a petition under Pennsylvania's Post Conviction Relief Act ("PCRA"), claiming ineffective assistance of counsel. The crux of his argument was that his counsel failed to object when the court incorrectly stated the meaning of life imprisonment during the plea colloquy. According to the original transcript, the court said, "life implies 17 ½ to 35 years." ADA Teresinski worked on the opposition to Perez's PCRA petition and contacted the court stenographer about that line in the

2

transcript. The stenographer then filed a certified copy of the corrected page to reflect that the court said, "life plus 17 ½ to 35 years." The PCRA petition was denied.

Then, in 2019, after obtaining a note handwritten by ADA Teresinski which referenced needing a "new and improved version" of the transcript, Perez filed another PCRA petition. App'x 26. Perez and the Philadelphia District Attorney's Office reached a stipulated agreement to resolve the case. Perez's 1990 guilty plea was vacated, he re-pleaded to third-degree murder and robbery, and was sentenced to seventeen and a half to thirty-five years' imprisonment.

Perez then filed a lawsuit against ADA Teresinski under 42 U.S.C. § 1983, arguing that his *ex parte* communication with the stenographer violated Perez's right to due process and right to a jury trial. The District Court granted ADA Teresinski's motion to dismiss, finding his actions were protected by absolute prosecutorial immunity and qualified immunity. Perez timely appealed.

## II.    ADA Teresinski is Entitled to Qualified Immunity

First, Perez argues that the District Court improperly dismissed his complaint under Federal Rule of Civil Procedure 12(b)(6). We exercise plenary review over both a District Court's dismissal under 12(b)(6) and its grant of immunity. *See Kedra v. Schroeter*, 876 F.3d 424, 434 (3d Cir. 2017). Because the Supreme Court sparingly recognizes absolute immunity to § 1983 liability, we begin with analyzing whether Teresinski is entitled to qualified immunity. *See Odd v. Malone*, 538 F.3d 202, 207–08 (3d Cir. 2008). He is.

3

A prosecutor acting in an investigative or administrative capacity may be entitled to qualified immunity. *See Carter v. City of Philadelphia*, 181 F.3d 339, 356 (3d Cir. 1999). Qualified immunity shields a state official from § 1983 liability unless "the official violated a statutory or constitutional right," and "the right was clearly established at the time of the challenged conduct." *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011) (internal quotation marks omitted). The right's contours must have been sufficiently definite such that "any reasonable official in the defendant's shoes would have understood that he was violating it." *Plumhoff v. Rickard*, 572 U.S. 765, 778–79 (2014). Precedent existing at the time of the conduct "must have placed the statutory or constitutional question confronted by the official beyond debate." *Id.* at 779 (internal quotation marks omitted). Additionally, the right should not be defined "at a high level of generality." *Id.* (quoting *al-Kidd*, 563 U.S. at 742).

Perez argues that while working in an administrative capacity, ADA Teresinski violated Perez's "rights to due process and a jury trial." Appellant Brief at 18. He argues these rights "have long been clearly established" and "[i]t is frankly incomprehensible that an assistant district attorney would not realize that an undisclosed alteration of a transcript, used to keep a plaintiff confined for thirty-one years and obstruct the plaintiff's potential remedies, would comprise a due process violation." *Id.* at 18–19.

But Perez's claim has two problems. For one, the rights as asserted by him are defined at a "high level of generality." *al-Kidd*, 563 U.S. at 742. "The general proposition" that an involuntary guilty plea violates due process and the right to a jury trial "is of little help in determining whether the violative nature of particular conduct is

4

clearly established." *See id*. And second, he does not point to any authority establishing that a reasonable official in ADA Teresinski's shoes would have understood that he was violating a defendant's right to due process and a jury trial by contacting the stenographer. *See Plumhoff*, 572 U.S. at 778–79. These defects are fatal to Perez's claim. Because ADA Teresinski is shielded by qualified immunity, we need not address whether absolute prosecutorial immunity applies as well.[1]

## III. Conclusion

For the foregoing reasons, we will affirm the District Court's dismissal of Perez's complaint.

---

[1] We need not reach the argument that the District Court abused its discretion in considering exhibits attached to the motion to dismiss because ADA Teresinski is entitled to qualified immunity based solely on the allegations in Perez's complaint.